**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan McKenna,<br><br>Plaintiff,<br><br>v.<br><br>Gambit Recovery LLC, et al.,<br><br>Defendants. | No. CV-25-03095-PHX-KML<br><br>**ORDER** |

The parties ask the court to resolve several discovery disputes in this wage-and-hour action. (Doc. 32 at 1.) Plaintiff Jonathan McKenna worked for defendants Gambit Recovery, LLC, Tom Fay, and Mayra Fay (collectively "Gambit") as a manager for Gambit's sober living business, and this case arises from disputes over McKenna's employment classification, compensation, hours worked, and termination. (Docs. 1 at 2–5; 32 at 2.) Gambit seeks additional discovery from McKenna, including a full cell-phone inspection, weekly hour and damages computations, documents regarding work with other employers, tax returns, and calendars. (Doc. 32 at 3, 11–14.) The discovery disputes are resolved as follows:

**Cell Phone Search and Electronically Stored Information**: Gambit seeks unfettered access to McKenna's cell phone to allow it to search for certain text messages, deleted contents, call logs, location data, and related ESI. (Doc. 32 at 2–3, 11–12.) That information is relevant to several issues in this case, including McKenna's alleged hours worked, his duties, his performance, his termination, and Gambit's defenses. Fed. R. Civ.

P. 26(b)(1). At the same time, a wholesale turnover of McKenna's phone to Gambit would be unnecessarily intrusive. The request is therefore granted in part. If Gambit remains dissatisfied with McKenna's responses regarding his phone, McKenna must submit his phone to a forensic search that will reproduce and preserve its contents. Gambit must bear the reasonable cost of that search, but the extracted data must be stored and maintained by McKenna's counsel. Gambit may propose reasonable search terms and search categories directed to the disputed subjects, including sexual communications with Gambit residents or alumni, communications with Gambit employees, residents, and other affiliates, and—for specific dates—location data (if available), call logs, phone records, and calendars. McKenna's counsel must then review and produce all responsive, nonprivileged material. The complete raw forensic data extraction need not be produced to Gambit.

**Damages and Hours Computations:** Gambit seeks a computation of McKenna's damages, including weekly calculations of the hours he claims to have worked and the documents supporting those calculations. (Doc. 32 at 13, 41, 51–52.) Rule 26 requires a party to provide "a computation of each category of damages claimed" and to make available the documents on which the computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). The request is granted. McKenna must supplement his disclosures and discovery responses by providing a damages computation for each category of damages he claims, including the hours he contends he worked each week and the documents or other evidence supporting those calculations.

**ProWest Roofing documents**: Gambit seeks documents relating to McKenna's work for ProWest Roofing, including pay records, time sheets, schedules, calendars, communications, and documents showing the hours he worked. (Doc. 32 at 13–14, 51, 56.) Those materials are relevant because they may show whether and to what extent McKenna's work for another company overlapped with the hours he claims to have worked for Gambit. The request is proportional to the needs of the case, so long as it is limited to documents reflecting McKenna's schedule, hours, compensation, duties, and work-related communications with ProWest during the period when he also claims to have worked for

Gambit. The request is granted.

**Tax Returns:** Gambit seeks McKenna's federal and state tax returns with attachments for the last five years. (Doc. 32 at 14, 52.) Although McKenna does not meaningfully address this request in the joint statement, the request appears overbroad and disproportionate. Gambit has not shown why five years of tax returns are necessary given the other employment-related records already requested or produced. The request is denied.

No award of fees regarding these disputes is appropriate.

Accordingly,

**IT IS ORDERED** no later than **21 days after the date of this** order, the parties shall comply with the discovery rulings set forth above.

Dated this 5th day of May, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**